IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| POWERMATE HOLDING CORP., | ) | Case No. 08-10498 (KG) |
| A Delaware corporation, <u>et al.</u>, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Re Dkt Nos. 1476, 1609 & 1612** |

**MEMORANDUM OPINION**[1]

The Post-Effective Date Committee (the "Committee") filed its Thirteenth Omnibus Objection to Certain (I) Incorrect Classification Claims, (II) No Liability Claims, and (III) Disputed Amount Claims (Substantive) (the "Claims Objection"). D.I. 1476. Included in the Claims Objection are the Committee's objections to two claims which Richard S. Veys ("Veys") filed based upon a bonus program which Debtors, Powermate Holding Corp., *et al.* ("Debtors" or "Powermate") never initiated. Veys acted as Powermate's general counsel in an independent contractor capacity for several years prior to his employment. Stipulation ¶ 4. Powermate hired Veys as a full-time, staff employee at the end of 2007, at which time the possibility of a bankruptcy filing loomed. This possibility came to fruition on March 17, 2008, when Powermate filed for Chapter 11 bankruptcy relief. D.I. 1. At the time of the filing, Powermate disclosed it had employed Veys for a period of approximately five months, from January 8, 2008 through May 30, 2008. Stipulation ¶ 7. Veys filed two Proofs of Claim: (1) Claim No. 649 for a pro rata share of an earned bonus for his pre-petition work in the amount of $11,834.00 and (2) Claim No. 620 for an administrative expense claim for a pro rata share of a bonus earned for his post-petition work in the amount of $11,373.00. Stipulation ¶ 8a.

---

[1] The parties filed an Agreed Stipulation of Facts and Admissibility of Documents (the "Stipulation") (D.I. 1707) which the Court found helpful in arriving at a decision. The Court will cite to the Stipulation for uncontested facts. The parties also agreed at argument that there are no disputed facts which would prevent a decision.

Veys responded to Powermate's Claims Objection (D.I. 1609) and the Committee responded in kind (D.I. 1612). Presently before the Court, is the Claims Objection (D.I. 1476). For the reasons discussed herein, the Court will sustain the Debtors' Claims Objection against the Veys Claims.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core proceeding" within the meaning of 28 U.S.C. § 157 (b)(2).

## RELEVANT BACKGROUND

In 2004, Powermate hired Veys as an independent contractor to serve as its general counsel. Stipulation ¶ 2. Powermate began to suffer financial distress and filed for relief under Chapter 11 on March 17, 2008. D.I. 1. In late 2007, Powermate and Veys determined that the bankruptcy process would go more smoothly if Veys were an employee of the company rather than an independent contractor. On January 8, 2008, Veys signed an Offer Letter setting forth employment details with Powermate. ¶¶ 2 and 3. Clause No. 4 of the Offer Letter related to a company bonus plan, the Powermate Incentive Plan ("PIP"). Specifically, the Offer Letter stated:

> 4. Bonus: While the Company has not finalized the 2008 Powermate Incentive Plan, it is expected that you would be a participant in the Plan at a level that would provide you with target incentive compensation equal to 25% of your annual salary based on defined performance objectives. Details of the Plan will [be] provided to you under separate cover.

The disagreement between the parties comes down to whether this clause promised Veys a bonus or demonstrates a mere expectation that he would be a participant in the 2008 PIP.

Powermate and Veys agree on many key facts. They agree that no "defined performance objectives" were ever created or tendered to Veys. Stipulation ¶ 2a. The parties further agree that Powermate never created the 2008 PIP. Powermate also never implemented its bonus plan, the Powermate Sales Incentive Plan ("PSIP"), in 2008. Stipulation ¶ 5.

In fact, the only 2008 bonus plan implemented was the Key Employee Incentive Bonus plan ("KEIB"), which the Court authorized on April 15, 2008. Initially, Veys was not a participant of KEIB because he was not an employee when it was created. Veys thereafter did not include himself in the KEIB when he became an employee because he believed it was a conflict of interest since he was integrally involved in drafting the KEIB and was still acting as counsel to finalize the terms of the KEIB. Veys never became a member of the KEIB and never received a bonus from this program.

The quality of Veys' job performance is not in dispute. However, the Committee asserts this is irrelevant to the Claim Objection. Veys disagrees; only by demonstrating his effectiveness and import to the Debtors can Veys show that he would have met the "defined performance objectives" were they defined and tendered to him.

Veys further claims that the Illinois Wage Act applies to the promise of the bonus and supports his claim for a pro rata share of his bonus. The Committee responds that there was no promise to perform the condition precedent and that the bonus clause created a mere expectancy.

For the reasons set forth below, the Court grants Powermate's Claim Objection to Claims Nos. 649 and 620 and disallows them in their entirety.

## STANDARD OF REVIEW

A proof of claim is prima facie evidence of the validity and amount of that claim if the claim has been filed property. *See* 11 U.S.C. § 502(a), (b). Once a party objects to a claim, it is the objector's burden to refute the evidence set forth in the proof of claim. Fed. R. Bankr.P. 3001(f). The Committee objected to Veys' claims and claims no liability pursuant to 11 U.S.C. § 502(b)(1).

## DISCUSSION

Powermate did not promise Veys a bonus. Item No. 4 of the Offer Letter clearly uses expectancy language in direct contrast with the Offer Letter's remaining clauses. It states: Powermate was under no obligation to create the 2008 PIP. Even giving Veys the benefit of applying the Illinois Wage Act, circumstances still force the Court to determine if Veys performed the "defined performance objectives." To do that, the Court would have to manufacture those objectives or look to another source, such as the 2007 PIP.

**The Offer Letter used precatory language and does not guarantee a bonus to Veys.**

The Offer Letter contains clauses other than the one at issue. Paragraphs 3, 5, 6, and 7 begin with the phrase "You *will*…". This starkly contrasts with the language in Clause No. 4, which states that "it is *expected* that you *would* be a participant in the Plan at a level that *would* provide you…" This language is precatory in nature, offering Veys an expectancy right in the bonus program, but not a contractual right. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 612 (7th Cir. 1989).

Powermate never developed or implemented the 2008 PIP due to its financial condition. Powermate was under no obligation to develop or implement the 2008 PIP. Therefore, Vey's claim for money under the 2008 PIP remains an unfulfilled hope.

**The Illinois Wage Act is not implicated and, even if it is, the Court cannot ascertain whether Veys met the requirements for a bonus.**

**A.  The Illinois Wage Act does not apply because there was no contract for a bonus.**

The Illinois Wage Act states, in relevant part, the "a claim for an earned bonus arises when an employee performs the requirements for a bonus set forth in a contract or an agreement between the parties." 56 Ill. Adm. Code § 300.500. The Illinois Wage Act requires employers to honor their contracts; it does not confer rights in absence of a contract. *Oplchenski v. Parfums Givenchy,* Inc., No. 05-CV-6105, 2009 WL 440959, at *8-9 (N.D. Ill. Feb. 19, 2009). Clearly, there was an employment contract between Veys and Powermate. But, as indicated above, the Offer Letter did not create a contractual right of a bonus between Veys and Powermate. Therefore, the Illinois Wage Act does not apply here.

**B.  Even if the Illinois Wage Act applies, Veys does not show that he earned the bonus.**

If the Illinois Wage Act applies, the Court must determine if Veys performed the requirements set forth in the Offer Letter. However, those requirements, namely the "defined performance objectives," were never created or submitted to Veys. The Court has no method by which to create these objectives. The Court is not in the business of knowing what targets Veys would need to meet or how to evaluate Veys' performance even if the Court could somehow define those objectives. Though the record is clear that Powermate was satisfied with Veys' performance, this satisfaction is not evidence of a defined objective, nor is satisfactory

performance evidence that a defined objective would be met. A bonus may require *more* than satisfactory performance.

Veys further claims that he should not be penalized for Powermate's failure to define the performance objectives because, under Illinois contract law, Powermate cannot relieve itself of its contractual obligations to pay Veys a bonus by failing to perform its condition precedent and, therefore making Veys' performance impossible. Veys relies upon the *Camillo v. Wal-Mart Stores, Inc.*, 582 N.E.2d 729 (Ill. App. 5th Dist. 1991) case for the proposition that Powermate failed to live up to its end of the contract by not creating and tendering "defined performance objectives" to him. The key difference between this case and *Camillo* is that the Wal-Mart "assistant managers are paid a bonus each year." *Id.* at 731. The court held that this certain language guaranteed a bonus and the employee was entitled to a pro rata share of that bonus. In this case, there is no such certainty and no such guarantee as stated in Wal-Mart's employment contract.

## **CONCLUSION**

It is unfortunate that Powermate suffered financial distress that affected many employees, including Veys. The record is clear that Powermate was satisfied with Veys' performance. However, this performance was in the ordinary course of his employment with Powermate and, because he was not a part of KEIB, the Court has no power to permit a bonus be paid to Veys under a non-existent 2008 PIP.

The Court authorized one bonus plan, the KEIB. The 2008 PIP was never developed or implemented due to the company's financial distress. The Court will not retroactively create and implement a bonus plan scheme and, thus, second-guess the Debtor's business judgment in preparing and submitting bonus plans to the Court for approval. As such, the Debtors' Claim Objections are granted and Claims Nos. 620 and 649 are disallowed.

Dated: November 13, 2012

KEVIN GROSS, U.S.B.J.